# UNITED STATES DISTRICT COURT
for the

Western District of North Carolina

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:14-cr-57-KDB-DCK-1 |
| Ka Lee | ) USM No: 29660-058 |
| Date of Original Judgment: 08/13/2015 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 08/13/2015 shall remain in effect.
**IT IS SO ORDERED**.

Signed: February 15, 2024

Kenneth D. Bell
United States District Judge

Effective Date: _____                                     Kenneth D. Bell
*(if different from order date)*                          *Printed name and title*

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Ka Lee
CASE NUMBER: 5:14-cr-57-KDB-DCK-1
DISTRICT: Western District of North Carolina

### I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 41     Amended Total Offense Level: 41
Criminal History Category: II        Criminal History Category: I
Previous Guideline Range: 360 to Life months     Amended Guideline Range: 324 to 405 months

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

### III. FACTORS CONSIDERED UNDER USSG § 1B1.10 AND 18 U.S.C. § 3553(a) *(See Chavez-Meza v. United States, 138 S.Ct. 1959 (2018))*

The amendment to U.S.S.G. §4C1.1 in Amendment 821 does not impact Defendant as he was not a zero-point offender as he had 1 criminal history point. (Doc. No. 106, ¶ 56). However, the amendment to U.S.S.G. §4A1.1 in Amendment 821 does impact the Defendant as he had "status points" as his offense was committed while he was under a criminal sentence. *Id*. at ¶ 57. With the removal of the 2 status points (because Defendant had 6 or fewer criminal history points), criminal history points of 1 equals a criminal history category I. With an offense level of 41 and a criminal history category of I, the sentencing guideline range becomes 324-405 months imprisonment. At sentencing the Court departed downward 2 levels in granting the Government's 5K motion. (Doc. No. 125 at 2). Applying said 2 level reduction to the amended total offense level of 41 would yield an amended total offense level of 39 and with a criminal history category of I, would yield an amended guideline range of 262-327 months imprisonment. Defendant was sentenced to 180 months imprisonment. (Doc. No. 124). Due to the limitation provided in U.S.S.G. §1B1.10(b)(2)(A), the Court cannot impose a sentence below the already imposed sentence. Amendment 821 provides no relief to Defendant.